UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GINA STUCKI; MINOR CHILD 1, by and through her mother GINA STUCKI; and MINOR CHILD 2, by and through her mother, GINA STUCKI,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF POCATELLO; BANNOCK COUNTY SHERIFF'S OFFICE; BANNOCK COUNTY EMERGENCY COMMUNICATIONS CENTER and NIKO GORDON IV, individually and in his official capacity as a police officer for Pocatello Police Department,<br><br>Defendant. | Case No. 4:15-cv-00422<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it Defendant's Motion to Dismiss (Dkt. 24). For the reasons explained below, the Court will deny in part the motion and grant in part the motion.

## BACKGROUND.

This is an action brought by the Plaintiff Gina Stucki on behalf of herself and her two daughters against the Defendants alleging federal civil rights claims, state negligence claims, and a claim under the Idaho Public Records Act. The Defendants have moved to

MEMORANDUM DECISION AND ORDER - 1

dismiss the state negligence Public Records Act claims. *See Def's Br.* at 1, Dkt. 24-1. The claims arise from an incident in which Plaintiffs sought assistance from 911 after an armed stalker allegedly held Stucki, and at least one of her daughters, hostage in their home. *See Am. Compl.* at ¶21–29, Dkt. 7. Plaintiffs allege that the Defendants were negligent in their response to the Plaintiff's 911 call and that the Defendants' inadequate response amounted to a violation of the Plaintiffs' Constitutional rights. *See id.*

On September 11, 2015, prior to filing their Complaint, Plaintiffs filed a motion to waive the bond that is required under Idaho law for any civil law suit filed against a law enforcement officer. *See* I.C. § 6-610(2). The Court denied the Motion by an order dated November 10, 2015. *See generally* Order, Dkt. 4. Plaintiffs then filed a "Submission of Bond" along with an Amended Complaint. *See Notice of Submission of Bond*, Dkt. 6; *Am. Compl.* Dkt. 7. The "Submission of Bond" stated:

> Plaintiffs post simultaneously herewith a bond of $250.00 to cover costs and expenses that may be awarded against Plaintiffs. Pursuant to Idaho Code § 6-610(4), Defendant may "except to" the amount of the bond. This bond is posted pursuant to the Court's *Order* denying *Plaintiffs Motion to Waive Bond or Set at $0*

*Notice of Submission of Bond*, Dkt. 6.

The Defendants have moved to dismiss all of the Plaintiffs' state law claims due to Plaintiffs' alleged failure "to petition the Court for a bond in an 'amount to be fixed by the Court' as required under Idaho Code § 6-610 (6) prior to filing a claim against a 'law enforcement officer.'" *Def's Br.* at 2, Dkt. 24-1. Defendants also seek to dismiss Count X of the Plaintiffs' Amended Complaint regarding the Idaho Public Records Act. *Id.*

Plaintiffs have agreed to dismiss Count X on the basis that the claim is now moot. *Pl's Resp.* at 8, Dkt. 26.

## LEGAL STANDARD

Defendants' motion to dismiss does not challenge the legal sufficiency of the factual allegations Federal Rule of Civil Procedure 8(a)(2) under *Iqbal* and *Twombly*. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007) *and Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, Defendants contend that the Plaintiffs have failed to satisfy a statutory condition to the filing of a state law negligence claim against a police officer. As such, the sole question for the Court to determine is whether the Plaintiffs have satisfied the conditions imposed by the Idaho statute.

## ANALYSIS

1. **Defendants' Motion to Dismiss Count X.**

Plaintiffs agree that Count X of their Amended Complaint should be dismissed. Accordingly, the Court will grant Defendants' Motion to Dismiss with respect to Count X relating to the Idaho Public Records Act. Defendants also seek dismissal of "Plaintiffs' state law claims" that seemingly include Counts IV, V, VI, and VII. *See generally Am. Compl.*, Dkt. 7.

2. **Defendant's Motion to Dismiss State Law Claims.**

Defendants seek dismissal of Plaintiffs' state law claims, alleging Plaintiffs failed to post a bond which complies with the requirements of Idaho Code § 6-610. Defendants acknowledge that Plaintiffs sought a waiver of the bond requirement at the time they filed

their initial complaint and then, when the Court denied the requested waiver, posted a $250 bond prior to filing their amended complaint.  However, Defendants contend that the bond posted was inadequate because the Plaintiffs, in essence, set the amount of their own bond, and failed to obtain Court approval of that amount prior to filing their amended complaint. While the Defendants' argument has some support in the language of Idaho Code § 6-610, it ignores the unique facts of this case which compels the Court to conclude that the Plaintiffs substantially complied with the bond requirement imposed by the statute. The Defendants' recourse, then, is to challenge the sufficiency and amount of the bond as permitted under Idaho Code § 6-610(4) & (5).

      As noted above, the Plaintiffs initially sought to have the Court waive the bond requirement or set the bond amount at $0.  When the Court denied the request for waiver, it did not *sua sponte* set a bond amount which it felt was appropriate.  This left the Plaintiffs in a quandary, knowing that a bond would be required but not knowing what amount the Court would set.  Plaintiffs chose to file what it perceived to be an adequate bond and, with the submission of that bond, expressly invited the Defendants to "except to" the amount of the bond, as was their right under Idaho Code § 6-610(4). *Notice of Submission of Bond*, Dkt. 6.

      To be sure, Plaintiffs may have been better served by including in their initial motion a specific request that, if the Court denied the motion for waiver of the bond requirement, it should then set a reasonable bond amount.  And, perhaps, the Court should have recognized that denying the Plaintiffs' motion implicitly required that the

**MEMORANDUM DECISION AND ORDER - 4**

Court then proceed to set a bond amount.  However, the statute is far from a model of clarity, and has caused the judges in this court to struggle in applying its provisions.  *See Cameron v. Owyhee Cty.*, No. CV-09-423, 2010 WL 2594953, at *3 (D. Idaho June 22, 2010)(discussing a conflict among the judges in this Court as to whether a delayed filing of a bond complies with the statute); *Blackhawk v. Chubbuck*, 488 F.Supp.2d 1097)(pointing out that the Idaho Code § 6-610 contains no exception for indigent plaintiffs and the Court is therefore required to look elsewhere to resolve questions of indigency). It is difficult to justify penalizing the Plaintiffs for falling prey to that confusion by imposing the draconian sanction of dismissing all of their state law claims. It seems particularly unwarranted to dismiss those claims for failing to file a surety when, in fact, a surety has been posted, and the Defendants have an adequate recourse to challenge the adequacy of the amount posted.

For these reasons, the Court concludes that the Plaintiffs have substantially complied with the statute, and the Defendants' recourse is to challenge the amount of the bond posted.  Defendants have requested that if the Court is unwilling to dismiss Plaintiffs' state law claims, it should "require Plaintiffs to post a reasonably sufficient bond after consideration of the viability of the claims alleged by the Plaintiffs against Officer Boll." *See Def's Br.* at 6, Dkt. 24.  The Court will take this as a challenge to the amount of the bond under Idaho Code § 6-610(7).  The parties will therefore be directed to file briefs on the adequacy of the bond amount.  The briefs shall be filed within fourteen days after the docketing of this decision and shall be limited to five pages in

length.  If either party requests a hearing on the issue, they shall so note in their brief.  If a hearing is requested, the clerk shall set a hearing not less than two, nor more than ten days after the request is made, as required by Idaho Code § 6-610(7).

## ORDER

IT IS ORDERED:

1. Defendants' Motion to Dismiss Count (Dkt. 24) is **GRANTED** in part and **DENIED** in part. It is granted with respect to Count X and denied as to all other state law claims.

2. Within fourteen days after the docketing of this order, the parties shall simultaneously file briefs, limited to five pages in length, regarding the adequacy of the amount of the Plaintiffs' bond.

3. If either party requests a hearing, the clerk shall set the hearing not less than two, nor more than ten days after the request is made. The parties shall call the Law Clerk, Jeff Severson, assigned to this case when the briefs are made to ensure that the hearing is set if one is requested. Mr. Severson can be reached at (208) 334-9027.

DATED: July 6, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court