# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GINA STUCKI; MINOR CHILD 1, by and through her mother GINA STUCKI; and MINOR CHILD 2, by and through her mother, GINA STUCKI,<br><br>        Plaintiffs,<br><br>        v.<br><br>CITY OF POCATELLO; BANNOCK COUNTY SHERIFF'S OFFICE; BANNOCK COUNTY EMERGENCY COMMUNICATIONS CENTER and NIKO GORDON IV, individually and in his official capacity as a police officer for Pocatello Police Department,<br><br>        Defendants. | Case No. 4:15-cv-00422<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it Defendants City of Pocatello and Niko Gordon's Motion for Court to Decline Jurisdiction (Dkt. 73), and Plaintiffs' Motion to Alter or Amend Judgment (Reconsideration) (Dkt. 74).

## ANALYSIS

### 1.    Motion to Reconsider

A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) Error must be corrected; and (2) Judicial efficiency demands forward progress. The former principle has led courts to hold that a denial of a motion to

dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.,* 591 F.2d 74, 79-80 (9th Cir. 1979). While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone. Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912). "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous. There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D.Cal. 1981)(Schwartzer, J.).

The need to be right, however, must co-exist with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988).

Reconsideration of a court's prior ruling under Federal Rule of Civil Procedure 59(e) is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (citation omitted). If the motion to reconsider does not fall within one of these three categories, it must be denied. Here, Plaintiff suggests the Court committed clear error.

The Court is often presented with motions to reconsider based upon an argument that the Court committed clear error. Most of those motions simply restate arguments the Court has already addressed, and ask the Court to rethink its decision. This is one of those motions. The Court has already addressed Plaintiffs' arguments in detail in its earlier decision, and nothing in the motion to reconsider causes the Court to change its mind. Accordingly, the Court will deny the motion.

## 2.     Motion to Decline Supplemental Jurisdiction

Earlier, the Court granted summary judgment in favor of Defendants on all of Plaintiffs' federal claims, but denied summary judgment on the state law claims. Dkt. 71. The Court may decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1447(c)(3). But whether to exercise supplemental jurisdiction is "purely discretionary." *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 129 S.Ct. 1862, 1866 (2009). The Court should consider economy, convenience, fairness, and comity when determining whether to exercise supplemental jurisdiction. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 351 (1988).

This case is a little more than two years old, but discovery is finally closed, and all dispositive motions have been addressed. The Court is intimately familiar with the case because the Court and its staff have addressed informal discovery disputes, and the Court has granted in part and denied in part a motion to dismiss, granted in part and denied in part a motion for summary judgment, and as explained above denied a motion for reconsideration. The case is set for trial in just over three months on February 5, 2018.

Declining supplemental jurisdiction under these circumstances, and sending the case to state court would likely cause significant delay. The state court would need to learn what this Court already knows about the case. Plus, it is unlikely the state court could set this case for trial by February 5, 2018. Moreover, if Plaintiffs appeal the Court's earlier order dismissing the federal claims, it will be much more convenient, fair and economical to address all the claims together. Accordingly, the Court will deny Defendants' motion, and exercise supplemental jurisdiction over the state law claims.

## ORDER

**IT IS ORDERED:**

1. Defendants City of Pocatello and Niko Gordon's Motion for Court to Decline Jurisdiction (Dkt. 73) is **DENIED**.

2. Plaintiffs' Motion to Alert or Amend Judgment (Reconsideration) (Dkt. 74) is **DENIED**.

DATED: November 13, 2017

B. Lynn Winmill
Chief Judge
United States District Court